UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GROVER S. COPLEY,

      Plaintiff,

    v.

C.J. MAHON CONSTRUCTION COMPANY, LLC,

      Defendant.

Case No. 16-cv-1122-JPG-RJD

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant C.J. Mahon Construction Company, LLC's ("C.J. Mahon") motion to transfer this case to the United States District Court for the Western District of Kentucky for the convenience of the parties under 28 U.S.C. § 1404(a) (Doc. 12). Plaintiff Grover S. Copley has responded to the motion (Doc. 17).

This case arose after Copley, who worked on the crew of a dredge owned and/or operated by C.J. Mahon, was injured while trying to tie off barges. The incident occurred on the Ohio River "within the jurisdiction of this court," Compl. 2, ¶ 1, near the Smithland Lock and Dam. Apparently Copley was treated for his injuries in Evansville, Indiana, and went through rehabilitation at home near Huntington, West Virginia. C.J. Mahon is a citizen of Ohio but apparently does sufficient business in the Southern District of Illinois to be amenable to suit here (*see, e.g.,* http://cjmahan.com/ project/project-ohio-river-lock-and-dam-53-dam-wicket-replacement/ (describing an ongoing project in Grand Chain, Illinois)). Copley brings this suit under the Jones Act, 46 U.S.C. §§ 30104-06, for negligence (Count I), and under general maritime law for unseaworthiness (Count II) and for maintenance and cure (Count III).

In its motion, C.J. Mahon argues that the accident actually occurred within Kentucky's jurisdictional waters on the Ohio River, and based on the Court's review of a Google map (which

is, of course, not an authoritative source), it appears the entire Ohio River in the immediate

vicinity of the Smithland Lock and Dam is within Kentucky's jurisdiction:



Google Maps search for Smithland Lock and Dam, Smithland, KY (https://www.google.com/maps/, satellite view; visited Feb. 14, 2017).

C.J. Mahon argues that this suit has no connection with Illinois and should therefore be moved to

the Western District of Kentucky for the convenience of the parties.  It notes that Copley lives in

West Virginia, the incident occurred in Kentucky, and the eyewitnesses to the event are in

Kentucky (or at least not in Illinois).

Copley argues in response that the Smithland locks are on the Illinois side of the Ohio River and that, contrary to C.J. Mahon's assertions, the incident occurred in Illinois.  He notes that the United States Army Corps of Engineers oversees the locks from its office in Brookport, Illinois.  He asserts there was only one eyewitness to the accident, which suggests the location of the sole eyewitness is of reduced importance when measured against the other witnesses in the case, who are likely to be from Ohio, Illinois, Indiana and West Virginia.  He urges the Court to respect his choice of the Southern District of Illinois as the forum for this case, and argues that C.J. Mahon has not shown the Western District of Kentucky would be clearly more convenient. He notes that Benton, Illinois, the location of the Southern District of Illinois courthouse in which this case would be tried, is not far from Paducah, Kentucky, where the case presumably would be tried in the Western District of Kentucky, and that Benton is closer to Evansville, Indiana, where his treating surgeon lives and from which he would have to travel to testify.

As a preliminary matter, the Court notes that venue is proper in this district regardless of the state in which the accident occurred.  C.J. Mahon does not contest that it resides in Illinois under 28 U.S.C. § 1391(c)(2) because it is subject to personal jurisdiction here, and that, as a consequence, this action may be brought against it here, 28 U.S.C. § 1391(b)(1).[1]  Instead, it seeks a change of venue for convenience under 28 U.S.C. § 1404(a).  Under § 1404(a), a district court may transfer a civil action to any other district where the action might have been brought originally "[f]or the convenience of parties and witnesses, in the interest of justice."  28 U.S.C. § 1404(a).  The decision to transfer a case is left to the discretion of the district court.  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Van Dusen v. Barrack*, 376 U.S. 612, 622

---

[1] Although C.J. Mahon states in its motion, "Venue before this Court is improper," Mot. to Transfer Venue 1, it does not rely on 28 U.S.C. §1406 as the basis for this motion.  That section is the proper authority for challenging venue because it is improper.  *See Atlantic Marine Constr. Co. v. United States Dist. Court for W. Dist. of Tex.*, 134 S. Ct. 568, 577 (2013).

3

(1964)*; Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986); *see Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955).

In deciding a § 1404(a) motion to transfer, the Court should consider a number of case-specific factors such as the convenience of the potential transferee forum to the parties and witnesses and the interests of justice in general. *Stewart*, 487 U.S. at 29-30; *see Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986) (citing *Van Dusen* , 376 U.S. at 622). The movant has the burden of establishing that the transfer is "clearly more convenient." *Coffey*, 796 F.2d at 219-20. The Court should give substantial weight in favor of the forum in which the plaintiff chose to file the complaint and should rarely transfer a case from the plaintiff's selected forum. *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 663-64 (7th Cir. 2003); *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

Even if the circumstances indicate that a transfer would be clearly more convenient to the parties and witnesses, a court may still refuse to transfer the case if it is not in the interest of justice. *Coffey*, 796 F.2d at 220; *Van Dusen*, 376 U.S. at 625. "Factors traditionally considered in an 'interest of justice' analysis relate to the efficient administration of the court system." *Coffey*, 796 F.2d at 221. One of these factors is where the litigants are more likely to receive a speedy trial. *Id.*

C.J. Mahon has not carried its burden of showing that hearing this case in the Western District of Kentucky is clearly more convenient than hearing this case in the Southern District of Illinois – even if the accident occurred in Kentucky – or that the interests of justice favor such a transfer. It argues that the accident occurred in Kentucky but does not dispute that it is amenable to suit in Illinois. It also states its belief that unnamed eyewitnesses are in Kentucky, but it is likely that even if they are in Kentucky, they are not far from Illinois since they presumably work

4

at or are connected with the Smithland Lock and Dam, on the Illinois-Kentucky border.  It notes that Copley is from West Virginia but does not argue that Kentucky is *more* convenient to him than Illinois, which is his chosen forum.  The Court gives substantial weight to that choice of forum.  Furthermore, Copley notes that one of his doctors who may testify as a live witness at trial is closer to the Benton courthouse in the Southern District of Illinois than he is to the Paducah, Kentucky, courthouse in the Western District of Kentucky.  Other witnesses are from neither Illinois nor Kentucky, and C.J. Mahon has not shown that Kentucky is clearly more convenient than Illinois for those witnesses.  And finally, C.J. Mahon does not address the interests of justice.

The Court finds C.J. Mahon has not shown that it is clearly more convenient to hear this case in Kentucky or that the interests of justice favor a trial in Kentucky.  Therefore, the Court **DENIES** the motion to transfer venue (Doc. 12).  The Court further **GRANTS** Copley's motion to amend his complaint to omit references to a jury (Doc. 18) and **ORDERS** that Copley shall have seven days from the date of this order to electronically file his amended complaint.

**IT IS SO ORDERED.**
**DATED:  February 27, 2017**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

5